**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

MOBILITY WORKX, LLC,

          Plaintiff,

   v.

ORACLE CORPORATION and
ORACLE AMERICA, INC.,

          Defendants.

Civil Action 7:26-cv-00031-ADA

**DEFENDANTS ORACLE CORPORATION AND ORACLE AMERICA, INC.'S
MOTION TO DISMISS THE COMPLAINT**

## TABLE OF CONTENTS

I.    Introduction ................................................................................................................... 1

II.   Relevant Facts ............................................................................................................... 2

      A.    The Asserted Patents and Expiration Dates ................................................... 2

      B.    Mobility Workx's History of Asserting and Licensing the Asserted Patents .......... 2

III.  Legal Standard .............................................................................................................. 3

      A.    The Marking Requirement Under 35 U.S.C. § 287 ....................................... 3

      B.    Pleading a Claim for Patent Infringement ..................................................... 5

IV.   Argument ....................................................................................................................... 7

      A.    Mobility Workx Cannot Recover Pre-Suit Damages for the '508 Patent,
            Nor Any Damages for the '417 and '330 Patents, Because It Did Not
            Comply with the Marking Statute .................................................................. 7

            1.    Mobility Workx's Claims for Pre-Suit Damages Should Be
                  Dismissed ........................................................................................... 7

            2.    The '417 and '330 Patents Should be Dismissed in Their Entirety ............. 9

            3.    Mobility Workx's Deficient Claims for Pre-Suit Damages Are
                  Incurable and Should Be Dismissed with Prejudice ................................ 10

      B.    Mobility Workx Fails to Plausibly Allege Infringement of the '508 Patent .......... 12

            1.    Claim 7: Oracle Does Not Provide the Base Stations for a Wireless
                  Network That Allegedly Satisfy the "Ghost Mobile Node"
                  Limitation ........................................................................................... 12

            2.    Claim 14: Oracle Does Not Provide the Gateways for a Wireless
                  Network That Allegedly Create a "Ghost Foreign Agent" ........................ 14

V.    Conclusion ................................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Med. Sys., Inc. v. Med. Eng'g Corp.*
6 F.3d 1523 (Fed. Cir. 1993)................................................................................................5, 8, 9

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*
24 F.3d 178 (Fed. Cir. 1994)........................................................................................................7

*Arctic Cat Inc. v. Bombardier Rec. Prods. Inc.*
950 F.3d 860 (Fed. Cir. 2020)......................................................................................................4

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*
876 F.3d 1350 (Fed. Cir. 2017)...........................................................................................4, 5, 11

*Ashcroft v. Iqbal*
556 U.S. 662 (2009)......................................................................................................................6

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007)......................................................................................................................5

*Bot M8 LLC v. Sony Corp. of Am.*
4 F.4th 1342 (Fed. Cir. 2021) .....................................................................................................6

*CTD Networks, LLC v. Amazon.com, Inc.*
688 F. Supp. 3d 436 (W.D. Tex. 2023)........................................................................................6

*Devices for Medicine, Inc. v. Boehl*
822 F.2d 1062 (Fed. Cir. 1987)....................................................................................................7

*Dunlap v. Schofield*
152 U.S. 244 (1894)......................................................................................................................4

*e-Watch Inc. v. Avigilon Corp.*
No. H–13–0347, 2013 WL 5231521 (S.D. Tex. Sept. 16, 2013) ...............................................5

*Encoditech, LLC v. Citizen Watch Co. of Am., Inc.*
No. SA-18-CV-1335-XR, 2019 WL 2601347 (W.D. Tex. June 25, 2019) ...........................6, 12

*Grecia Est. Holdings LLC v. Meta Platforms, Inc.*
605 F. Supp. 3d 905 (W.D. Tex. 2022)........................................................................................6

*Lans v. Digital Equip. Corp.*
252 F.3d 1320 (Fed. Cir. 2001).........................................................................................4, 5, 7, 9

*LS Cloud Storage Techs., LLC v. Amazon.com, Inc.*
No. 1:22-CV-1167-RP, 2023 WL 2290291 (W.D. Tex. Feb. 27, 2023) ...............................6, 14

*Lubby Holdings LLC v. Chung*
    11 F.4th 1355 (Fed. Cir. 2021) ................................................................4

*Marshall v. Carter*
    No. 4:20-CV-993-SDJ, 2021 WL 4316620 (E.D. Tex. Sept. 23, 2021)...................................12

*Mobility Workx, LLC v. AT&T Inc.*
    No. 4:23-cv-00594 (E.D. Tex. filed June 23, 2023) ...........................................3, 11

*Mobility Workx, LLC v. Cisco Sys., Inc.*
    No. 4:24-cv-00799 (E.D. Tex. filed Sept. 2, 2024) ...........................................3, 11

*Mobility Workx, LLC v. Dish Wireless, LLC*
    No. 4:24-cv-01064 (E.D. Tex. filed Dec. 3, 2024) ...........................................3, 11

*Mobility Workx, LLC v. Intertek Testing Services NA, Inc.*
    No. 1:25-cv-1202 (N.D.N.Y. Dec. 15, 2025) ...................................................3

*Mobility Workx, LLC v. Samsung Elec. Co., Ltd.*
    No. 4:24-cv-00798 (E.D. Tex. Filed Sept. 2, 2024)...........................................3

*Mobility Workx, LLC v. Spectrum Mobile, LLC*
    No. 4:25-cv-00752 (E.D. Tex. Filed July 11, 2025)...........................................3, 11

*Mobility Workx, LLC v. T-Mobile US, Inc.*
    4:17-cv-00567 (E.D. Tex. filed Aug. 14, 2017)...............................................3, 11

*Mobility Workx, LLC v. Verizon Commc'ns, Inc.*
    No. 4:17-cv-00872 (E.D. Tex. Filed Dec. 19, 2017) .........................................3, 11

*Ortiz & Assocs. Consulting, LLC v. Vizio, Inc.*
    No. 2024-1783, 2025 WL 3653227 (Fed. Cir. Dec. 17, 2025)...............................4, 8

*Rembrandt Wireless Technologies, LP v. Samsung Electronics Co.*
    853 F.3d 1370, 1382-84 (Fed. Cir. 2017)...................................................10, 11

*Soverain Software LLC v. Amazon.com, Inc.*
    383 F. Supp. 2d 904 (E.D. Tex. 2005).....................................................5, 8, 9

*Team Worldwide Corp. v. Acad., Ltd.*
    No. 2:19-cv-00092-JRG-RSP, 2021 WL 1854302 (E.D. Tex. May 10, 2021) .................11

*University of Florida Research Foundation Inc. v. Motorola Mobility, LLC*
    No. 13:cv-61120-KMM, Dkt. 158 ..........................................................11

*VDPP, LLC v. Volkswagen Grp. of Am.*
    No. 4:23-cv-02961, 2024 WL 1313899 (S.D. Tex. Mar. 27, 2024) .........................8

**Statutes**

35 U.S.C. § 287.................................................................................................3, 4, 7, 8, 9, 11

35 U.S.C. § 287(a) .............................................................................................1, 3, 4, 5, 10

**Other Authorities**

Fed. R. Civ. P. 8(a)(2).................................................................................................................5

Rule 12(b)(6)....................................................................................................................5, 6, 14

## I.    Introduction

This case is appropriate for resolution at the motion to dismiss stage because the Plaintiff's failure to mark patent-practicing products bars any recovery for two of the three Asserted Patents that have already expired, and the third Asserted Patent cannot be infringed because Oracle does not supply the instrumentalities necessary for infringement.

Mobility Workx contends that the Asserted Patents are relevant to aspects of 4G and 5G wireless networks. The '508 and '417 patents are allegedly infringed when a mobile device is handed off from one wireless network base station to another. The '330 patent is allegedly infringed by a system and method used to test a wireless network by controlling a mobile device and wireless network base stations to emulate various network conditions. The Asserted Patents have been previously asserted against wireless network operators (e.g., AT&T, T-Mobile, and Verizon), suppliers of mobile devices (e.g., Apple and Samsung), as well as suppliers of wireless base stations and related components (e.g., Ericsson and Nokia).

Mobility Workx has boasted in a public court filing that the Asserted Patents have been licensed to a dozen wireless communications companies. Public court filings also show that its many prior lawsuits were resolved by settlements. Because Mobility Workx has asserted apparatus claims for each of the Asserted Patents, it bears the burden to plead and prove compliance with the marking statute, 35 U.S.C. §287(a). Despite the fact that numerous licensed products exist, the Complaint utterly fails to plausibly plead that Mobility Workx or its licensees have marked any patent-practicing products. Thus, Mobility Workx's claims for pre-suit damages should be dismissed. More importantly, the '417 and '330 patents expired before this lawsuit was filed, which means Mobility Workx cannot recover any damages for those patents, and therefore infringement claims for the '417 and '330 patents should be dismissed. Substantial judicial and party resources will be saved by adjudicating Mobility Workx's failure to adequately

plead compliance with the marking statute at this stage.

Finally, Mobility Workx's infringement claim for the '508 patent should also be dismissed because it cannot plausibly allege infringement by Oracle for the simple reason that Oracle does not provide the wireless network base stations and gateways necessary for infringement under Mobility Workx's own theory of infringement.

## II.    Relevant Facts

### A.    The Asserted Patents and Expiration Dates

On January 29, 2026, Mobility Workx filed this action against Oracle, alleging infringement of the U.S. Patents Nos. 7,697,508; 8,213,417; and 7,231,330 (collectively the "Asserted Patents").  The '508 and '417 patents share a common specification and are entitled "System, Apparatus, and Methods for Proactive Allocation of Wireless Communication Resources."  They are allegedly directed to technology involving communication between a mobile node and a communications network.  Mobility Workx alleges that Oracle infringes apparatus claim 7 and method claim 14 of the '508 patent (Compl. ¶ 13) and apparatus claims 3 and 6 of the '417 patent (Compl. ¶ 23).  The '508 patent is scheduled to expire no later than September 11, 2027, and the '417 patent expired no later than August 2, 2024.

The '330 patent is entitled "Rapid Mobility Network Emulator Method and System."  It is allegedly directed to technology involving emulating mobile network communications. Mobility Workx alleges that Oracle infringes at least apparatus claim 1.  Compl. ¶ 29.  The '330 patent expired no later than August 4, 2025.

### B.    Mobility Workx's History of Asserting and Licensing the Asserted Patents

Mobility Workx has repeatedly asserted the '508, '417, and '330 patents against a series

of different defendants; those cases were resolved and resulted in license agreements.[1]  Indeed,

Mobility Workx has acknowledged granting licenses to multiple entities and has further

represented that it has licensed the Asserted Patents to "a dozen companies."  Civil Case

Management Plan and Patent Schedule at 10, *Mobility Workx, LLC v. Intertek Testing Services

NA, Inc.*, No. 1:25-cv-1202, (N.D.N.Y. Dec. 15, 2025), Dkt. 22.  Despite this history of

enforcing and licensing the '508, '417, and '330 patents, the Complaint does not allege that

Mobility Workx provided actual notice to Oracle of the alleged infringement, does not allege any

facts plausibly demonstrating that Mobility Workx or any of its licensees marked products that

practice the Asserted Patents, nor does it allege any facts showing efforts to ensure such

marking.[2]

## III.    Legal Standard

### A.    The Marking Requirement Under 35 U.S.C. § 287

Section 287(a) of the Patent Act provides that a patentee or its licensee may not obtain

---

[1] *Mobility Workx, LLC v. T-Mobile US, Inc.*, 4:17-cv-00567 (E.D. Tex. filed Aug. 14, 2017) (asserting the '508 and '417 patents); *Mobility Workx, LLC v. Verizon Commc'ns, Inc.*, No. 4:17-cv-00872 (E.D. Tex. Filed Dec. 19, 2017) (asserting the '508, '417 and '330 patents); *Mobility Workx, LLC v. AT&T Inc.*, No. 4:23-cv-00594 (E.D. Tex. filed June 23, 2023) (asserting the '508, '417 and '330 patents); *Mobility Workx, LLC v. Samsung Elec. Co., Ltd.*, No. 4:24-cv-00798 (E.D. Tex. Filed Sept. 2, 2024) (asserting the '508, '417 and '330 patents); *Mobility Workx, LLC v. Cisco Sys., Inc.*, No. 4:24-cv-00799 (E.D. Tex. filed Sept. 2, 2024) (asserting the '508 and '417 patents); *Mobility Workx, LLC v. Dish Wireless, LLC*, No. 4:24-cv-01064 (E.D. Tex. filed Dec. 3, 2024) (asserting the '508 and '417 patents); *Mobility Workx, LLC v. Spectrum Mobile, LLC*, No. 4:25-cv-00752 (E.D. Tex. Filed July 11, 2025) (asserting the '508 and '417 patents).

[2] The accused products in those cases were identified as wireless network infrastructure and related devices, including "network components" such as "Evolved – Universal Terrestrial Radio Access Network NodeB ('eNB'), Mobility Management Entity ('MME'), Serving Gateway ('S-GW'), and User Equipment ('UE')."  *Verizon Commc'ns*, No. 4:17-cv-00872, Dkt. 1 at ¶¶ 21–26.  Mobility Workx further pointed to specific examples of those components, including "the Samsung Galaxy S8" as an example of UE, "the Nokia 9926 eNodeB" as an example of an eNB, "the Nokia 9471 Wireless Mobility Manager" as an example of an MME, and "the Nokia 7750 Service Router" as an example of an S-GW.  *Id.*; *see also T-Mobile US, Inc.*, 4:17-cv-00567, Dkt. 1 at ¶¶ 26–34.

relief for infringement when it "fails to mark properly products within the scope of the patent" or provide actual notice of infringement.  *Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1326 (Fed. Cir. 2001); *see also Dunlap v. Schofield*, 152 U.S. 244, 248 (1894) (a patentee must mark a product or give notice "to the particular defendants by informing them of his patent, and of their infringement of it").  The purpose of Section 287 is to promote notice to the public by requiring the marking of patented products.  *See Arctic Cat Inc. v. Bombardier Rec. Prods. Inc.*, 950 F.3d 860, 865 (Fed. Cir. 2020) ("*Arctic Cat II*").  Notice may be provided either constructively, through proper marking of patented products, or through actual notice by the patent holder to the accused infringer.  *See id.*, 950 F.3d at 864; *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) ("*Arctic Cat I*").  Where there is no actual notice and the marking requirement applies and is not satisfied, the statute "prohibits a patentee from receiving *any* damages in a subsequent action for infringement." *Arctic Cat II,* 950 F.3d at 865; *see also Ortiz & Assocs. Consulting, LLC v. Vizio, Inc.*, No. 2024-1783, 2025 WL 3653227, at *3 (Fed. Cir. Dec. 17, 2025) ("For more than a century and a half, patent law has required that a patentee either mark patented articles or provide notice to an accused infringer as a prerequisite to recovering damages for the sale of infringing articles.") (citation omitted).

Consistent with this framework, "[t]he patentee bears the burden of pleading and proving he complied with § 287(a)'s marking requirement." *Lubby Holdings LLC v. Chung*, 11 F.4th 1355, 1359 (Fed. Cir. 2021) (quoting *Arctic Cat I*, 876 F.3d at 1366).  To be clear, a patentee also bears the burden of pleading and establishing that its *licensees* complied with the marking requirement.  *See, e.g.*, *Arctic Cat I*, 876 F.3d at 1366 ("A patentee's licensees must also comply with § 287, because the statute extends to persons making or selling any patented article for or under [the patentee].") (alterations in original) (citations and internal quotations omitted).  The

burden to show that the patentee and its licensees satisfied the marking requirement is never shifted, but instead "[t]he burden of proving compliance with marking is and at all times remains on the patentee." *Id.* at 1367.

When compliance with the marking requirement is not sufficiently pled, a court may dismiss a claim of pre-suit damages under Rule 12(b)(6). *See, e.g.*, *e-Watch Inc. v. Avigilon Corp.*, No. H–13–0347, 2013 WL 5231521, at *3 (S.D. Tex. Sept. 16, 2013) (granting a Rule 12(b)(6) motion to dismiss pre-suit damages and noting that "[t]he Federal Circuit. . . specifically allows addressing the § 287(a) issue through a motion to dismiss") (citing *Lans*, 252 F.3d at 1328).

The marking statute applies to apparatus claims, as well as to method claims when an apparatus claim in the same patent is asserted. *See Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1538–39 (Fed. Cir. 1993) ("Where the patent contains both apparatus and method claims . . . to the extent that there is a tangible item to mark by which notice of the asserted method claims can be given, a party is obliged to do so if it intends to avail itself of the constructive notice provisions of section 287(a)."); *see also Soverain Software LLC v. Amazon.com, Inc.*, 383 F. Supp. 2d 904, 909 (E.D. Tex. 2005) ("When dealing with a patent that includes method and apparatus claims, a tangible item that can be marked is required to be marked in order to comply with the marking statute.").

### B.     Pleading a Claim for Patent Infringement

A complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  To survive a motion to dismiss, a complaint must allege facts that go beyond mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," and must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  Conclusory allegations are insufficient;

the complaint must plead specific factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 678 (2009). Where the factual allegations fail to meet this standard, dismissal is warranted.

In patent infringement cases, "[t]o state a viable direct infringement claim, a plaintiff must plead facts that plausibly suggest that the accused product meets each limitation of the asserted claim or claims." *Encoditech, LLC v. Citizen Watch Co. of Am., Inc.*, No. SA-18-CV-1335-XR, 2019 WL 2601347, at *3 (W.D. Tex. June 25, 2019). A plaintiff must therefore plead facts that "articulate why it is plausible that the accused product infringes the patent claim." *Grecia Est. Holdings LLC v. Meta Platforms, Inc.*, 605 F. Supp. 3d 905, 915 (W.D. Tex. 2022) (quoting *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1355 (Fed. Cir. 2021)). Simply "reciting the claim elements and merely concluding that the accused product has those elements" is insufficient. *Bot M8*, 4 F.4th at 1353. Rather, a plaintiff must plead specific facts that "plausibly suggest that the accused product meets each limitation of the asserted claim." *CTD Networks, LLC v. Amazon.com, Inc.*, 688 F. Supp. 3d 436, 443 (W.D. Tex. 2023) (quoting *Encoditech*, 2019 WL 2601347 at *3). When a plaintiff fails to "identify specific [infringing] devices and software involved," the complaint is "too general to put Defendants on notice of infringement," and therefore cannot survive a Rule 12(b)(6) motion. *LS Cloud Storage Techs., LLC v. Amazon.com, Inc.*, No. 1:22-CV-1167-RP, 2023 WL 2290291, at *3 (W.D. Tex. Feb. 27, 2023).

-6-

IV.    **Argument**

A.    **Mobility Workx Cannot Recover Pre-Suit Damages for the '508 Patent, Nor Any Damages for the '417 and '330 Patents, Because It Did Not Comply with the Marking Statute**

1.    **Mobility Workx's Claims for Pre-Suit Damages Should Be Dismissed**

Mobility Workx alleges infringement of apparatus claims of the '508, '417, and '330 patents against Oracle, and therefore it must plead and prove that it complied with the marking statute for all Asserted Patents to recover pre-suit damages. But because of Mobility's licensing history (*see* Section II.B., *supra*), combined with its failure to adequately plead compliance with the marking statute, the Court should dismiss Mobility Workx's claim for pre-suit damages for all Asserted Patents.

As an initial matter, the Complaint contains no allegation that Mobility Workx provided Oracle with actual notice of the alleged infringement of the Asserted Patents before filing this action. Dkt. 1. "Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device." *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994). Notice must come from the patentee because "only the patentee has authority to grant licenses or accept design changes to facilitate the purposes of the notification requirement." *Lans*, 252 F.3d at 1327. It has long been established that the alleged infringer's knowledge of the patent does not suffice without sufficient notice of the alleged infringement. *See Devices for Medicine, Inc. v. Boehl*, 822 F.2d 1062, 1066 (Fed. Cir. 1987) ("Absent notice, [alleged infringer's] knowledge of the patents is irrelevant. Section 287 requires proof that the infringer was notified of the infringement.") (internal quotation marks omitted). Absent pre-suit actual notice, Mobility Workx's compliance with Section 287 turns on whether products allegedly practicing the Asserted Patents were properly marked.

The Complaint is silent as to any facts that would plausibly demonstrate marking

compliance, despite Mobility Workx's prior assertion of apparatus claims of the '508, '417, and '330 patents and its identification of licensed, markable products that it asserts practice those claims (*see, e.g.*, n.2, *infra*). Thus, because there is no allegation of pre-suit actual notice, nor any factual allegation that plausibly demonstrates that Mobility Workx or its licensees complied with the marking statute, Mobility Workx cannot seek pre-suit damages for alleged infringement of the '508, '417, and '330 patents. This conclusion also applies to the asserted method claims of the '508 and '330 patents. Although claim 14 of the '508 patent and claims 11–19 of the '330 patent are method claims, these claims are subject to the marking requirement because they were asserted alongside an apparatus claim. *See Am. Med. Sys.*, 6 F.3d at 1538–39; *see also Soverain Software*, 383 F. Supp. 2d at 909.

Indeed, claims for pre-suit damages have been dismissed on materially similar facts where a patentee failed to adequately plead compliance with the marking statute, in spite of previously bringing claims based on the asserted apparatus claims in multiple actions and granting licenses permitting third parties to practice those claims. *See Ortiz*, 2025 WL 3653227, at *4 (affirming finding of no entitlement to pre-suit damages when plaintiffs' licensees failed to mark their products because "the fact that Ortiz does not make and sell products does not relieve it of the duty to ensure that any products made by its licensees that practice its patents are marked, or to explain why he does not have such a duty"); *see also VDPP, LLC v. Volkswagen Grp. of Am.*, No. 4:23-cv-02961, 2024 WL 1313899, at *4-5 (S.D. Tex. Mar. 27, 2024) (dismissing pre-suit damages where patentee failed to plead § 287 compliance after defendant identified prior assertions of the same patent that led to licenses through settlement and when plaintiff had not "made reasonable efforts to ensure [its licensees'] compliance with the marking statute").

For these reasons, the Court should grant this motion and find that Mobility Workx is not entitled to any pre-suit damages.

**2.      The '417 and '330 Patents Should be Dismissed in Their Entirety**

For Count II, the only claims of the '417 patent that survived an IPR (and which are asserted here) are apparatus claims subject to the marking requirement of Section 287.  For Count III, all claims of the '330 patent are subject to the marking requirement because they were asserted alongside apparatus claims 1–10.  *See Am. Med. Sys.*, 6 F.3d at 1538–39; *see also Soverain Software*, 383 F. Supp. 2d at 909.

Where a patentee fails to provide notice (actual or constructive) before the expiration of the asserted patent, no damages may be recovered and no injunctive relief is available for an expired patent.  *Lans*, 252 F.3d at 1328.  The '417 patent expired no later than August 2, 2024, the '330 patent expired no later than August 4, 2025, and this lawsuit was filed on January 29, 2026.  Thus, the only possible damages that could be available to Mobility Workx, had it and/or its licensees complied with Section 287, would be pre-suit damages.

But as outlined above, there is no pleading of actual notice of any alleged infringement of the Asserted Patents to Oracle.  *See generally* Dkt. 1.  Nor is there any pleading that any of Mobility Workx's licensees marked the Asserted Patents.  *See id.*  Nor is there any pleading, generally, of any factual support for Mobility Workx's bare assertion of Section 287 compliance. *See id.*  Thus, because the Complaint fails to adequately or plausibly plead any entitlement to pre-suit damages, and because the '417 and '330 patents expired before the lawsuit was filed, there are no damages available for those patents, and Counts II and III should be dismissed in their entirety.

### 3.    Mobility Workx's Deficient Claims for Pre-Suit Damages Are Incurable and Should Be Dismissed with Prejudice

Mobility Workx's failure to adequately plead compliance with the marking statute is not merely fatal to its claim for pre-suit damages—it is incurable.  Although Mobility Workx has asserted method claims against Oracle (e.g., claim 14 of the '508 patent and claims 11–19 of the '330 patent), Mobility Workx cannot amend its Complaint to withdraw apparatus claims and replead only method claims in an effort to evade the marking requirement once that requirement has been triggered.  The Federal Circuit addressed this issue in *Rembrandt Wireless Technologies, LP v. Samsung Electronics Co.*, holding that a patentee may not avoid § 287(a) through artful pleading or post-hoc claim withdrawal.  853 F.3d 1370, 1382–84 (Fed. Cir. 2017). There, the patentee sought pre-suit damages despite its licensee's sale of unmarked products practicing an apparatus claim.  *Id.* at 1382.  After the defendant raised the marking defense, the patentee withdrew the apparatus claim and even sought a formal disclaimer of that claim at the USPTO.  *Id.*  The Federal Circuit rejected that maneuver, explaining that "disclaimer cannot serve to retroactively dissolve the § 287(a) marking requirement for a patentee to collect pre-notice damages," because allowing such a tactic would constitute "an end-run around the marking statute" that is "irreconcilable with the statute's purpose" and would "undermine[] the marking statute's public notice function."  *Id.* at 1383–84.

The same reasoning applies here.  Mobility Workx has repeatedly asserted apparatus (and method) claims of the Asserted Patents against third parties and has alleged infringement by identifying tangible products practicing those claims (*see* n.2, *supra*).  Having triggered the marking requirement through those assertions and licenses, Mobility Workx cannot now plead around Section 287(a) by narrowing its claims against Oracle.  Under *Rembrandt*, no amendment could relieve Mobility Workx of its marking obligations once they attached.

-10-

Further, Mobility Workx cannot amend its Complaint in good faith to plausibly allege compliance with Section 287.  It does not (and cannot) allege that it gave Oracle actual notice of infringement from the patent holder prior to the filing of the Complaint.  Nor can Mobility Workx allege constructive notice.  There is no allegation that Mobility Workx makes any products that practice the Asserted Patents.  *See* Dkt. 1.  Mobility Workx has granted licenses to numerous entities after accusing specific products of those entities of allegedly infringing the Asserted Patents—including Motorola, Verizon, AT&T, T-Mobile, Samsung, Dish, Cisco, and Spectrum—yet it does not allege that it required those licensees to mark their accused products with the Asserted Patents or that it enforced any such marking requirement.[3]  To plead constructive notice, Mobility Workx would have to allege—and ultimately prove—that it required all licensees to mark products practicing the asserted apparatus claims and that it enforced that obligation.  *See Arctic Cat I*, 876 F.3d at 1366; *Arctic Cat II*, 950 F.3d at 864–65.

Mobility Workx makes no such allegations, and it cannot cure that failure through amendment.  Because Mobility Workx bears the burden of pleading marking compliance, it would be required to allege how each licensed product was marked and how marking was enforced—an omission that is neither technical nor trivial.  *See Team Worldwide Corp. v. Acad., Ltd.*, No. 2:19-cv-00092-JRG-RSP, 2021 WL 1854302, at *2 (E.D. Tex. May 10, 2021)

---

[3] Several prior actions resulted in settlement, with licensing being a part of the settlement.  *See generally*, *University of Florida Research Foundation Inc. v. Motorola Mobility, LLC*, No. 13:cv-61120-KMM, Dkt. 158 (Mediator's Report regarding settlement of Motorola action); *Mobility Workx, LLC v. Verizon Commc'ns, Inc.*, No. 4:17-cv-00872, Dkt. 244 (joint motion to stay and notice of settlement of Verizon action); *T-Mobile*, 4:17-cv-00567, Dkt. 63 (joint motion to stay and notice of settlement of T-Mobile action); *AT&T*, No. 4:23-cv-00594, Dkt. 57 (joint motion to dismiss AT&T action pursuant to settlement); *Samsung*, No. 4:24-cv-00798, Dkt. 24 (joint motion to stay and notice of settlement of Samsung action); *Cisco*, No. 4:24-cv-00799, Dkt. 25 (joint motion to stay and notice of settlement of Cisco action); *Dish*, No. 4:24-cv-01064, Dkt. 19 (agreed motion to dismiss Dish action pursuant to settlement); *Spectrum*, No. 4:25-cv-00752, Dkt. 22 (joint motion to stay and notice of settlement of Spectrum action).

(explaining that each licensee must comply with the marking statute), *R. & R. adopted*, 2021 WL 1985688 (E.D. Tex. May 18, 2021).  Courts will not grant leave to amend where amendment would be futile.  *See, e.g.*, *Marshall v. Carter*, No. 4:20-CV-993-SDJ, 2021 WL 4316620, at *2 (E.D. Tex. Sept. 23, 2021).

Leave to amend would be futile when, as here, the facts cannot be pled in a way to overcome deficiencies.  *See id.*  Accordingly, Oracle respectfully requests that the Court dismiss Mobility Workx's claims for pre-suit damages with prejudice, thereby also dismissing Counts II and III entirely with prejudice.

**B.      Mobility Workx Fails to Plausibly Allege Infringement of the '508 Patent**

Mobility Workx's claim for infringement of the '508 patent should be dismissed because the Complaint fails to plausibly allege all limitations of the two asserted patent claims. *Encoditech, LLC*, 2019 WL 2601347, at *3 ("[T]o state a viable direct infringement claim, a plaintiff must plead facts that plausibly suggest that the accused product meets each limitation of the asserted claim or claims.").  For independent claim 7, the Complaint fails to plausibly allege that Oracle provides the claimed "ghost mobile node."  For independent method claim 14, the Complaint fails to plausibly allege that Oracle creates the claimed "ghost foreign agent." Mobility Workx's deficient pleadings cannot be cured because Oracle does not provide the components of 4G and 5G wireless networks that are necessary to infringe the asserted claims of the '508 patent.

**1.      Claim 7: Oracle Does Not Provide the Base Stations for a Wireless Network That Allegedly Satisfy the "Ghost Mobile Node" Limitation**

Independent claim 7 requires "[a] wireless node pair" that comprises "a ghost mobile node associated with the mobile node."  '508 pat., cl. 7.  The "ghost mobile node" is a key element of the purported invention: the patent explains that "the present invention provides two

different types of ghost-entities that can be used individually or jointly in setting up a wireless connection between a mobile node and a foreign agent," and identifies the "ghost mobile node" as one of those ghost-entities. '508 pat., 2:44–3:10. Yet, neither the Complaint nor the attached claim chart (Dkt. 1-2) point to anything provided by Oracle that satisfies the "ghost mobile node" limitation.

Instead, Mobility Workx alleges that the claimed "ghost mobile node" limitation is satisfied by something found within a base station of a wireless network. The highlighted portions of Mobility Workx's claim chart demonstrate that it maps the "ghost mobile node" limitation to something within an eNB (a base station in a 4G wireless network) or a gNB (a base station in a 5G wireless network):

| [7.c] a ghost mobile node associated with the mobile node, | A ghost mobile node is a node, or a virtual node, that can operate on behalf of the mobile node and that is capable of registering with a foreign agent and allocating resources for the mobile node before the mobile node arrives in the physical area covered by the foreign agent. Within eNB is a node or virtual node operates on behalf of a UE (mobile node) by offering, alone or collaboratively with the MME/S-GW, numerous services including registration, connections for data and voice communication, and maintaining many Information Object Classes (IOC) and internal tables pertinent to the UEs. The following non-exhaustive examples show how an eNB acts as an agent on behalf of a mobile node (UE):<br><br>• It processes initial registration on behalf of a UE at UE power-on.<br>• It processes UE connection requests through the RRC interface and establishes the connection on behalf of the UE by reconfiguring information at the MME/S-GW.<br>• It engages with the MME/S-GW to establish a Foreign Agent on behalf of the UE according to the protocol as specified in IETF RFC 5944 (see ETSI TS 124 304 titled: Mobility management based on Mobile IPv4; User Equipment (UE) - foreign agent interface). Similarly, if Proxy Mobile IP v6 (PMIP) is used, eNB establishes a Mobility Access Gateway (MAG) which is equivalent to a Foreign Agent in functionality (see ETSI TS 129 275, titled: Proxy Mobile IPv6 (PMIPv6) based Mobility and Tunnelling protocols; Stage 3).<br>• It handles UE applications IP traffic routing of User Plane data towards the Serving Gateway.<br>• It handles IP packet header compression and encryption on behalf of the UE.<br>• It configures a connecting UE with network parameters which ensures good quality of service during connection, and which assists in managing and planning future mobility.<br>• It enables the UE to save substantial energy by putting the UE in idle mode (RRC-IDLE) allowing the UE to sleep and wake up periodically to check with the eNB if there is any data or calls to be notified about.<br><br>The ghost mobile node operating within eNB (gNB in 5G) is associated with the mobile node (UE).<br><br>The Accused Handover Products/Services use or enable wireless networks that meet this limitation. |

Dkt. 1-2 (claim chart) at 30.

However, Oracle does not provide base stations for a wireless network (e.g., eNBs or gNBs), and Mobility Workx cannot plausibly allege otherwise. Mobility Workx nowhere ties

the purported eNB/gNB to any Oracle product, nor does it allege that Oracle provides the eNB/gNB. Instead, it asserts—without providing any supporting evidence—that "[t]he Accused Handover Products/Services use or enable wireless networks that meet this limitation." Such an untethered, conclusory allegation is precisely the type of allegation that should be dismissed under Rule 12(b)(6). *LS Cloud Storage Techs., LLC*, 2023 WL 2290291, at *3–4 (granting Rule 12(b)(6) motion where plaintiff failed to identify any specific defendant hardware that allegedly met the claim limitations).

**2.    Claim 14: Oracle Does Not Provide the Gateways for a Wireless Network That Allegedly Create a "Ghost Foreign Agent"**

Claim 14 of the '508 patent is a method claim that requires "creating at least one ghost foreign agent for each of said foreign agents." '508 pat., cl. 14. The "ghost foreign agent" is the other key element of the purported invention, as it is one of the two ghost-entities described in the patent. '508 pat., 2:44–3:10. Mobility Workx, however, does not plausibly allege that any Oracle product or service performs this "creating" step, and does not identify anything provided by Oracle that supposedly constitutes a "ghost foreign agent."

Instead, Mobility Workx alleges that the "creating" step is performed by an S-GW ("Serving Gateway") and a P-GW ("Packet Data Network Gateway") of a wireless network. The highlighted portions of Mobility Workx's claim chart demonstrate that it maps the "creating" step to actions performed by an S-GW and a P-GW:

-14-

| [14.e] creating at least one ghost foreign agent for each of said foreign agents, wherein said ghost foreign agent can announce to said mobile node or said ghost mobile node associated with the mobile node, the presence of said ghost foreign agent; | As discussed in [7.d] the S-GW and the P-GW are two elements in the Proxy Mobile IP v6 protocol. See Figure [14.e.1]. As the mobile node (UE) registers with the new MAG at the S-GW, the registration is forwarded to the home agent HA/LMA at the P-GW to re-establish connectivity by assigning a network prefix to the mobile node and adding a binding linking the assigned network prefix to the mobile node identity. The S-GW/P-GW pair and their MAG-LMA (FA-HA) tunnel are a ghost foreign agent that announces the presence of the FA in terms of the network prefix assigned to the mobile node and signaled through a router advertisement to the UE. Figures [14.e.1] and [14.e.2] provides a graphical depiction of the above-mentioned details. |

Dkt. 1-2 (claim chart) at 43.

However, Oracle does not provide an S-GW or P-GW for a wireless network, and Mobility Workx cannot plausibly allege otherwise. Mobility Workx's conclusory assertion that "[t]he Accused Handover Products/Services use wireless networks that perform this step or enable wireless networks to perform this step," does not and cannot plausibly allege infringement when Oracle does not provide the wireless network gateways necessary for Mobility Workx's infringement theory. *Id*. at 45.

For these reasons, the Court should find that Mobility Workx failed to plausibly allege the "ghost mobile node" limitation for claim 7 and the "ghost foreign agent" limitation for claim 14, and therefore the Complaint's claim for infringement of the '508 patent should be dismissed.

## V.     Conclusion

For the reasons set forth herein, Oracle respectfully requests that this Court grant this motion and dismiss Mobility Workx's Complaint.

DATED: April 10, 2026

*/s/ Christopher Ponder*
Christopher Ponder (TX #24065916)
cponder@sheppardmullin.com
Harper S. Batts (CA #242603)
hbatts@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
1540 El Camino Real, Suite 120
Menlo Park, CA 94025-4111
Tel.: (650) 815-2600
Fax: (650) 815-2601

*Attorneys for Defendants*
*Oracle Corporation and*
*Oracle America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2026 a true and correct copy of the foregoing was served on all counsel of record who have appeared in this case via the Court's CM/ECF system pursuant to Local Rule CV-5.

*/s/ Christopher Ponder*
Christopher Ponder